*Formatted for Electronic Distribution*                                                                                             *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:
    **Clifton G. Cottrell,**                                                              **Chapter 7 Case**
               **Debtor.**                                                                **# 04-11669**
_____

**Raymond J. Obuchowski,**
**Trustee of the Bankruptcy Estate of**
**Clifton G. Cottrell,**
      **Plaintiff/ Counter Defendant,**                                              **Adversary Proceeding**
           v.                                                                              **# 05-1019**
**Union Bank,**
      **Defendant/ Third Party Plaintiff,**
           v.
**Clifton G. Cottrell,**
      **Debtor/ Third Party Defendant.**
_____

*Appearances:*      *Jennifer Emens-Butler, Esq.*      *Harold B. Stevens, Esq.*
                              *Obuchowski & Emens-Butler*       *Stevens Law Office*
                              *Bethel, VT*                              *Stowe, VT*
                              *Attorney for Plaintiff/ Counter Defendant.*    *Attorney for Defendant/ Third Party Plaintiff.*

## MEMORANDUM OF DECISION
### Denying Union Bank's Motion for Summary Judgment
### and Granting Trustee's Motion for Summary Judgment

On May 23, 2005, Union Bank moved for summary judgment seeking relief under its counterclaim, specifically, a declaration that its interest in the Debtor's Ford F 150 truck ("the Truck") was superior to any claim of the Trustee (doc. #14), and filed a statement of undisputed facts (doc. # 15).  On June 6, 2005, the Trustee filed his response to Union Bank's motion and a cross motion for summary judgment (doc. #16), that included a response to Union Bank's statement of undisputed facts (¶ 1 of doc. #16) and sought a determination that he was entitled to the relief prayed for in his complaint, viz., the turnover of the Truck, disgorgement of certain pre-petition payments to Union Bank, and a declaration that Union Bank did not have a valid security interest in the Truck.  On June 17, 2005, Union Bank filed a response to the Trustee's cross motion for summary judgment (doc. #17).

For the reasons set forth below, the Court finds that there are no material facts in dispute, summary judgment is appropriate, Union Bank is not entitled to judgment as a matter of law, and the Trustee is entitled to judgment as a matter of law.

## JURISDICTION

This Court has jurisdiction to adjudicate and enter a final judgment in this core proceeding pursuant to 28 U.S.C, §§ 157(b)(2)(E), (F), (K) and 1334.

## ISSUE PRESENTED

The issue presented is whether a lender is eligible for treatment as a secured creditor in a bankruptcy case if (1) it advanced funds pre-petition, in anticipation of obtaining a lien on a truck to secure that loan, (2) took steps to perfect its lien but (3) failed to obtain the debtor's signature and otherwise perfect its lien until after the bankruptcy petition was filed.

## THE UNDISPUTED MATERIAL FACTS

The parties agree that the following facts are undisputed (doc. #14). Clifton Cottrell (the "Debtor") filed for chapter 7 bankruptcy relief on December 27, 2004. In his bankruptcy schedules, the Debtor asserted an ownership interest in the Truck, stated that it was titled in New Hampshire and listed it to have a value of $6,000. The Debtor originally pledged the Truck as collateral to First Massachusetts Bank, NA ("First Massachusetts") at the time of purchase in August, 2000. Bank North (a/k/a People's Heritage Bank, NA,) was the successor in interest to First Massachusetts, and hence became the owner of this loan. On or about July 1, 2004, the Debtor obtained a loan from Union Bank of Morrisville Vermont ("Union Bank") in the amount of $5,020.00 and signed a security agreement that pledged the Truck as collateral for this loan (Id. at ¶ 4). The Debtor used the Union Bank loan proceeds to pay off a prior loan with Union Bank to repair the Truck; and to satisfy the Bank North debt that had been secured by the Truck (Id. at ¶¶ 4, 5). On July 1, 2004, Union Bank transferred the funds needed to satisfy the Bank North loan directly to Bank North in exchange for Bank North's promise to release its lien on the Truck. The parties agreed in the Security Agreement that the Truck would secure the new loan to be disbursed by Union Bank (Id. at ¶ 4). On or about July 6, 2004, upon receipt of the payoff from Union Bank, Bank North signed a release of its lien against the Truck.

Union Bank posits that the following are also undisputed material facts. Bank North retained the certificate of title (the "Title") to the Truck and failed to forward it to Union Bank until the end of August 2004. At that point, Union Bank wrote its name as the lien holder on the Title and obtained an application for a new title certificate to accompany the Title. Union Bank could file the application without the Debtor's signature. From October 2004 until March 17, 2005, Union Bank tried but failed to obtain the Debtor's

2

signature on the Title and this prevented Union Bank from perfecting its security interest. The Debtor failed to respond to Union Bank's communication about the Title until after his bankruptcy case was filed. Post-petition the Debtor responded to Union Bank's communications by signing the Title. The Trustee claims he is without information as to these facts and asserts that they are not material to the instant dispute. However, the Trustee makes allegations in his complaint that are not inconsistent with these facts. (See doc. # 1 at ¶¶ 10-14). Consequently, the Court will treat these facts as material and undisputed for purposes of Union Bank's motion for summary judgment.

## THE PARTIES' ARGUMENTS

Although the Parties have filed cross motions for summary judgment they do not seek identical or parallel relief. The Trustee argues that the estate's interest in the Truck is superior to Union Bank's interest and claims that the post-petition perfection of Union Bank's interest was either a voidable post-petition transfer and/or a preferential transfer, and correspondingly any payments made by the Debtor on account of the putative secured loan during the preference period are subject to disgorgement (doc. # 14). Therefore, he seeks an order declaring the Debtor the owner of the Truck, that Union Bank's post-petition perfection is void, that there are no liens against the Truck, and that the Trustee's interest in the Truck is superior to Union Bank's asserted interest. The Trustee also seeks a judgment ordering: (1) Union Bank to turn over any payments it received from the Debtor during the 90 days prior to the bankruptcy filing; (2) the Department of Motor Vehicles to issue a clear title; and (3) the Debtor to turnover the Truck to the Trustee, as well as interest, attorney's fees and costs (doc. #16 ¶ 7 and wherefore clause). Union Bank, on the other hand, makes just one argument and seeks slightly different relief. It argues that notwithstanding the fact that its lien against the Truck was not perfected on the date of the bankruptcy filing, that it had done all it reasonably could to perfect its lien, and that its failure to perfect was caused entirely and directly by the Debtor's failure to sign the title prior to filing for bankruptcy relief (doc. # 17). Therefore, Union Bank seeks an order declaring that it is entitled to be treated as a secured creditor in this case and to have its lien on the Truck deemed superior to any interest of the estate in the Truck; alternatively, it requests that the Court place the Truck in a constructive trust in favor of Union Bank. (Doc. #14 p.3). The one point of intersection in these arguments is that the Trustee argues that Union Bank's $5,020 loan to the Debtor is entirely unsecured and Union Bank counters that its loan is fully secured.

## CONTROLLING LAW

The Trustee asserts that New Hampshire state law governs the determination of Union Bank's secured status since the Truck is registered in New Hampshire. Union Bank has not presented any argument to counter this. The Court agrees and will apply New Hampshire law on that point.

3

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See FED. R. CIV. P. 56(C); FED. R. BANKR. P. 7056. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining the material facts, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson, 477 U.S. at 248. Therefore, summary judgment will not be granted "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable [trier of facts] could return a verdict for the nonmoving party." Id. at 248. Further, the court should not weigh the evidence or determine the truth of any matter, but should instead draw all inferences from the facts in the light most favorable to the nonmoving party. Virgin Atl. Airways Ltd. v. British Airways PLC, 257 F.3d 256, 262 (2d Cir., 2001) citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986), (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986)).

The Court finds that there are no material facts in dispute and therefore, that summary judgment is proper as to both the secured status of Union Bank's claim and the Trustee's plea for turnover of the Truck and pre-petition payments on the Truck loan.

## DISCUSSION

Section 544(a) of the Bankruptcy Code confers on a trustee in bankruptcy the same rights that an ideal hypothetical lien claimant without notice possesses as of the date of the bankruptcy petition, thus giving a trustee standing to challenge the validity of liens that were not perfected as of the petition date with regard to property of the estate.[1] The determination of whether a creditor's security interest is unperfected and hence avoidable under §544(a) is controlled by state law. See United States v. 110-118 Riverside Tenants Corp., 886 F.2d 514, 518-519 (2d Cir.1989) (holding that the question of lien priority between the United States and a creditor would be resolved by state law.) See also, Duraflex Sales & Serv. Corp. v. Mechanical, 110 F.3d 927, 934 (2d Cir. 1997) (holding that the priority of mechanic's liens in contest depended on state law principles.) "State law … creates legal interests and rights." Fidelity & Deposit Co. v. New York City

---

[1] 11 U.S.C. § 544(a) provides:
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
   (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
   (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

4

Housing Authority, 241 F.2d 142, 144 (2d Cir. 1957) (citing Morgan v. Commissioner, 309 U.S. 78, 80 (1940)). In Vienna Park Props. v. United Postal Sav. Ass'n, the Second Circuit Court of Appeals, in resolving a dispute regarding lien priority pertaining to collateral in Virginia, held that "because the site of the transaction was Virginia, we examine Virginia law to determine the rights of such a hypothetical lien creditor under section 544(a). Vienna Park Props. v. United Postal Sav. Ass'n (In re Vienna Park Props.), 976 F.2d 106, 115 (2d Cir. 1992); see generally 4 Collier on Bankruptcy P 544.02, at 544-5 through 544-6 (15th ed.) ("The trustee's powers, in every case governed by § 544(a), are those which the state law would allow to a supposed or hypothetical creditor of the debtor.")

The Supreme Court has also held that

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. The justifications for application of state law are not limited to ownership interests; they apply with equal force to security interests.

Butner v. United States, 440 U.S. 48, 55 (1979). Accordingly, the Court turns to New Hampshire law.

### I. **Union Bank' Motion for Summary Judgment**

According to the unambiguous language of the New Hampshire statute, in order to perfect a security interest in a vehicle a creditor must submit the certificate of title as well as proof of the lien holder's interest to the Department of Motor Vehicles. The relevant statute states:

> A security interest is perfected by the delivery to the department of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lien holder and the date of his security agreement and the required fee. It is perfected as of the time of its creation if delivery is completed within 20 days thereafter, otherwise as of the time of the delivery.

N.H. Rev. Stat. Ann. § 261:24 (II) (2005) and reinforces that,

> [a] security interest in a vehicle of a type for which a certificate of title is required is not valid against creditors of the owner or subsequent transferees or lien holders of the vehicle unless perfected as provided in this chapter.

N.H. Rev. Stat. Ann. 261:24 (I). The statute is unambiguous: in order for a lien against a vehicle to be perfected, it must be noted on a title issued by the Department of Motor Vehicles.

Several states, including New Hampshire, that have clear statutory mandates for perfection of liens against motor vehicles also carve out an exception to those mandates where a would-be lien holder fails to comply with all requirements of the statute but takes some other action that nonetheless substantially

---

(3)      a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

5

constitutes perfection. Union Bank asserts that this equitable relief, known as the substantial compliance doctrine, should be applied to validate its lien against the Truck. Union Bank relies upon two cases to support its argument. Before addressing those two cases, however, the Court observes that the substantial compliance doctrine does not generally validate a security interest where the creditor has failed to meet the filing and notice requirements of perfection. For example, the First Circuit Court of Appeals has refused to extend the substantial compliance doctrine to validate the lien of a creditor that failed to file its financing statement in the town where the debtor conducted its business, as required by the statute. Yamaha Motor Corp. v. Perry Hollow Mgmt. Co. (In re Perry Hollow Mgmt. Co.), 297 F.3d 34 (1st Cir. 2002). The creditor in this case argued that it had substantially complied with the statutory perfection requirements because it had filed the UCC-1 financing statement with clerk of the town of the debtor's mailing address. The court specifically held that "[t]he doctrine of substantial compliance has not been extended to filing requirements" Id., that the creditor's filing had not put the world on notice of its asserted security interest, and hence, that the creditor was not entitled to secured creditor status under the substantial compliance doctrine. See also In re Microband Companies, 135 B.R. 2 (Bankr. S.D.N.Y. 1991) (holding that, under New York law, creditor's designation on certificates of title as "owner" rather than "lien holder" was sufficient to perfect creditor's security interest in vehicles since this put even a less than diligent third party on notice of creditor's interest) and In re Baldwin, 79 Vt. 43, 64 A. 235 (Vt Sup Ct 1906) (holding that substantial compliance with the mechanics' lien statute is sufficient provided the lienor has done what is necessary to give notice to persons dealing with the property that it stands charged).

Union Bank relies first on the case of Morris v. CIT Group/Equipment Fin. (In re Charles), 323 F.3d 841 (10th Cir. 2003). There, the creditor had made an error when filling out the application for a lien, but had taken steps that the court found had the effect of putting other creditors or third parties on notice of the creditor's interest in the collateral. The court determined that adequate notice has been given to satisfy the doctrine of substantial compliance. Thus, the Charles court allowed the creditor's lien to be treated as duly perfected. The instant case is crisply distinguishable from Charles. In Charles, the parties had entered into a commercial transaction which the parties had erroneously treated as a lease arrangement. When the debtor filed for bankruptcy, the trustee argued that the so-called lease agreement was actually a disguised security agreement and that the creditor's interest was not duly perfected since the creditor was listed as an owner rather than a lien holder on the titles for the subject trucks. Id. The bankruptcy court rejected the trustee's argument, holding that the unperfected lien was not subject to avoidance by the trustee, and the district court affirmed. On appeal, the Tenth Circuit Court of Appeals held that although there was no true leasehold arrangement between the parties, since the creditor had listed itself as the owner of the subject trucks on the certificates of title and the certificates were properly filed in the correct state agency in Kansas, the world was

6

on notice of the creditor's interest in the trucks. Id. at 842. It therefore concluded that the creditor had substantially complied with the filing requirements and was entitled to secured status . Id. at 846. In Charles the Tenth Circuit Court of Appeals explained that (1) the salient inquiry was one of notice and this type of error on the title did not invalidate the secured status of the creditor because it did not deprive parties of notice of the creditor's interest and (2) this approach was consistent with the approach taken by most jurisdictions.

> Under the majority approach, regardless of any express statutory requirements, a secured creditor is not required to disclose its status as a lien holder on a vehicle's certificate of title in order to achieve perfected status. Instead, it is sufficient if the creditor is identified as the owner of the vehicle.

Id. at 843. The circuit court stated that "a secured creditor is required only to substantially comply with the perfection provisions of the governing [state] statutes in order to perfect a security interest in a motor vehicle," Id. at 844, and pointed out that the relevant standard for assessing applicability of the equitable principle of substantial compliance is "whether the creditor gave adequate notice of its interest to other potential secured creditors." Id.

The other case Union Bank relies upon in support of its request to be treated as a secured creditor under equitable principles is In re Humphries, 1 B.R. 82 (Bank. D. Utah 1979). The Utah statute at issue in Humphries stated clearly that the exclusive method for perfecting a lien against a motor vehicle was through notation on the certificate of title. Id. at 83. The court held that a rigid application of the statute would result in a determination that the subject lien was not perfected and thus was avoidable by the trustee in bankruptcy. Id. In determining that the lien was entitled to validity under equitable principles, even though it was not perfected under state law, the Humphries court relied on three factors. First, the court observed that under Utah law a creditor could only perfect its security interest if the debtor obtained a new certificate of title and noted the creditor's lien thereon. Thus, the creditor was powerless to perfect its lien without the debtor's cooperation and signature. In this case it appeared to be impossible as the creditor had tried diligently to obtain the debtor's signature but had been unsuccessful. Therefore, the court found the creditor had done everything within its power to perfect its lien. Secondly, although the creditor had not succeeded in obtaining the debtor's signature on the title, the bill of sale noted the lien, and therefore, under the process in Utah, absent fraud, a clean certificate of title could not have been obtained, and notice would have been imparted to a purchaser or creditor. Id. at 84. Thirdly, the court found that there was no prejudice to intervening third parties. After concluding that the creditor had satisfied all the requirements of this three part test, the court held that the lien was valid and could not be avoided by the trustee. This case is also distinguishable from the facts and circumstances Union Bank has presented herein. Even assuming *arguendo* that Union Bank did everything it could have done to perfect its lien (which the Trustee disputes and the record does not support), and further assuming that validating the lien would not prejudice other parties, there is no proof whatsoever

7

that Union Bank took any steps that would have put other parties on notice of its interest in the Truck. In order to prevail on equitable principles, it is essential that Union Bank demonstrate that it put the world on notice of its interest in the Truck. The salient inquiry under the governing law is whether a reasonable individual would have been put on notice of Union Bank's interest, and the Title on which Union Bank noted its position of lien holder was not filed in any state office where a person would find it upon a reasonable search, the Court therefore finds Union Bank failed to give notice of its interest in the Truck prior to the bankruptcy filing. See In re Perry, 297 F 3d 34 (1st Cir. 2002) (holding that the intended purpose of filing financing statements is to give proper notice that the security interest exists).

The undisputed facts establish that Union Bank's lien was not perfected under New Hampshire law as of the date the Debtor filed his bankruptcy case, as it did not file the properly executed certificate of title application until after the bankruptcy was filed. Moreover, looking at the facts in the light most favorable to Union Bank, the undisputed material facts fail to demonstrate that Union Bank took any steps that had the effect of putting the world on notice of its putative interest in the Truck. Therefore, the Court finds that there is no basis in the record for validating Union Bank's lien under equitable principles.

Union Bank prays in its wherefore clause for the Court to find that there are grounds for the Court to create a constructive trust in favor of Union Bank, to protect Union Bank's interest from attack by the Trustee. However, Union Bank has presented no argument and cited no law to support its prayer for relief on this point. Moreover, a court may hold property in a constructive trust only after it determines the true owner of the property. Chem. Bank v. Coan, 2 Fed. Appx. 180, 185 (2d Cir. 2001). Union Bank has presented no argument that it is the rightful owner of the Truck. Accordingly, the Court declines to create a constructive trust in this matter.

## II. The Trustee's Motion for Summary Judgment

The undisputed material facts establish that Union Bank had not properly perfected its lien against the Truck, under New Hampshire law, as of the date of the Debtor's bankruptcy filing. Thus, the Trustee is entitled to judgment on his complaint as a matter of law unless Union Bank has demonstrated that it is entitled to treatment as a secured creditor in this bankruptcy case under established equitable principles. The Court has found that Union Bank failed to establish that this relief is warranted on the summary judgment record. Accordingly, the Court finds that Union Bank is an unsecured creditor and the estate's interest in the Truck is superior to that of Union Bank.

The Trustee has also moved for summary judgment under 11 U.S.C. § 547 and Union Bank has not provided any summary judgment argument or evidence to controvert that the relief requested is not proper.

8

Based upon the record before it, the Court finds that any payments Union Bank received from the Debtor on account of the Truck loan during the ninety days prior to the bankruptcy filing are preferential under 11 U.S.C. § 547, and must be disgorged to the Trustee.

Union Bank did not obtain relief from stay, pursuant to 11 U.S.C. § 362, to perfect its lien post-petition and therefore the perfection of its lien is voidable both as an act taken in violation of the stay and as an unauthorized post-petition transfer of property of the estate under 11 U.S.C. § 549. Therefore, Union Bank must withdraw its lien against the Truck so that the Department of Motor Vehicles may issue a new title without this lien.

The Trustee's motion for summary judgment is granted in all respects.

### CONCLUSION

For the reasons set forth above, the Court finds that Union Bank failed to perfect its security interest, as of the Debtor's filing date, and failed to take steps warranting a deemed perfection under equitable principles. The Court further finds that the Trustee has sustained his burden of proof with regard to his allegations that Union Bank's perfection of its security interest post-petition was void, the payments made by the Debtor in reliance upon Union Bank's security interest constitute a preference, and the title to the Truck should be clear of any liens.

The consequences of these findings are: (1) Union Bank is to be treated as an unsecured creditor in this bankruptcy case; (2) Union Bank's post-petition lien is void; (3) the payments that Union Bank received from the Debtor during the ninety days preceding the bankruptcy filing constitute a preference that must be returned to the estate; (3) the Trustee, as a hypothetical lien creditor who took possession of all property of the estate on the Debtor's petition date, has an interest in the Truck that is superior to any interest of Union Bank.

This constitutes the Court's findings of fact and conclusions of law.

August 1, 2005  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

9